LEVI COLLETTE *vs.* HERMON W. HANSON.

Oxford.      Opinion, September 15, 1934.

*J. F. Burns*, for plaintiff.
*Peter M. McDonald,*
*Arthur J. Henry,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J. This case comes up on exceptions to the admission of evidence by a Justice of the Superior Court at trial by agreement of parties without the intervention of a jury, with right of exception as to rulings of law reserved to either party.

The action was of debt on a judgment of a foreign court.

Two exceptions were taken, but the only one relied on is to a ruling that the certificate of the judgment, issued by an officer authorized by the law of the land of the foreign court was authenticated, within the meaning of the rule which allows the introduction of authenticated copies of foreign judgments, as evidence in courts of this state.

The court of issue of the judgment was the Supreme Court of Judicature for the Province of New Brunswick, Dominion of Canada, King's Bench Division.

The plaintiff presented a Copy of Judgment, attested and sealed with the seal of said Court by the Deputy Registrar, at Frederickton, in said Province and, annexed thereto, the certificate of W. C. Hazen Grimmer, one of the Judges of said Court, of the same date.

The certificate sets out that the maker was, on the date of certification one of the Judges of the Court, that the attestant of what is termed in New Brunswick an exemplification of the Judgment was an officer of the Court, authorized by the law of the Province to sign the exemplification, and that the signature was genuine.

The oath was administered to Judge Grimmer by John F. H. Teed, a notary public, and the seal of the latter affixed.

Authorization of the Deputy Registrar to exemplify must ap-

pear in the case, else there would be no proof of recovery of the foreign judgment. It is true that Judge Grimmer in his certificate asserted that the Deputy Registrar of New Brunswick is qualified by the law of that Province to exemplify its judgments, but unless it appears that the Notary Public who executed the jurat to his certificate had authority to administer an oath, then the Judge's assertion was an unsworn statement. The law seems to be well settled that at Common Law a Notary Public could not administer an oath and since there is nothing in the record to show that there is any statute in New Brunswick authorizing this to be done by a Notary Public, Judge Grimmer's certificate is not a sworn statement, and not admissible alone as sufficient proof of the fact of the authority of the Registrar to exemplify. It should have the sanction of an oath.

In spite of the fact, however, that Judge Grimmer's certificate, for reasons above stated, can not supply evidence of the authority of the Deputy Registrar, the record contains what satisfied the Justice below.

When Mr. Teed, the notary public, was on the stand as a witness called by the plaintiff, the Certified Copy of Judgment was presented as an Exhibit, and the witness identified the signatures of both the Judge and the Deputy Registrar. Referring to Deputy Registrar McKay, Mr. Teed testified: "He is the man, or one of the men, who is by law authorized to certify it."

He also testified that the signature of the Deputy Registrar was genuine.

Mr. Teed had qualified as an attorney at law and barrister at law, in active practice in his profession before the Court of issue of the judgment since 1911, and our Court could well believe his testimony.

Verifications of judgments, as what they purport to be, is known as authentication. To be received by our courts they are authenticated,

1. By an exemplification under the great seal of the foreign state,
2. By a copy proved to be a true copy, or
3. By the certificate of an officer authorized by law, which certificate must itself be properly authenticated. *Church* v. *Hubbart*, 2 Cranch 187.

In the case at bar the admissibility of the document was claimed under the third heading above.

Its introductions was regular and proper, with the testimony of witness Teed, if that were credible. Wigmore on Evidence, Vol. III, Sec. 1679, *Jordan* v. *Robinson*, 15 Me., 167.

Nothing was adduced to attack the validity of the judgment or the testimony of Mr. Teed, and the Court of issue was the Court chosen by defendant here, as plaintiff there, the judgment being for costs.

*Exceptions overruled.*